UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

ELIZABETH TORRES

V.                                          Case No. 3:15 cv 604 (MPS)

DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS TRUSTEE,
JANE DOE 1-20, JOHN DOE 1-20                           2 /27 / 2015

## COMPLAINT

1. Plaintiff Elizabeth Torres is at all time the rightful owner of said property located at East Hartford 60 Whiting Road 06118.

2. Defendant DEUTSCHE BANK is located at 60 Wall Street New York, NY 10005 USA, with its Headquarters located in Germany at Taunusanlage 12 60325 Frankfurt AM MAIN 60262.

3. Defendant JANE DOE 1-20 is located at unknown operating out of color of law.

4. Defendant JON DOE 1-20 is located at unknown operating out of color of law.

## JURISDICTION

1. Jurisdiction is asserted pursuant to 42 U.S.C. § 1983

2. Jurisdiction is asserted pursuant to 28 U.S.C. § 1343(a)(3).

3. Jurisdiction is asserted pursuant to National Bank Act 1863 federal law.

## NATURE OF THE CASE

1. I Elizabeth Torres am filing a complaint against defendant DEUTSCHE BANK et al and JANE &JON DOE 1-20, Predecessor, Successor, Beneficiary, Fiduciary, Nominee, Trustee in full and individual capacity for fraud and other. See civil cover sheet.

2. I Elizabeth Torres am currently disputing the validity of the debt

3. I Elizabeth Torres am at all-time owner of PROPERTY ADDRESSED

East Hartford 60 Whiting Road 06118.

**OFFICIAL DEBT DISPUTE:**

Transfer date 09/02/20114
FEDERAL LAW briefs that opposing party has thirty days to dispute the validity of this debt or any portion thereof.
Principle balance $142,041.40
Escrow balance $27,843.16
Chase loan # 696773886
Account # 0014662506

Plaintiff received a letter circa 8/15/2014 from Chase stating that it would transfer its rights 09/02/20114. The letter states that the servicing of your mortgage loan will transfer from Chase to SPS Inc. The controversy arises because the defendant DEUTSCHE BANK alleged to be the owner of the debt. DEUTSCHE BANK was attempting to collect a debt meanwhile Chase was attempting to pay the insurance on the mortgage property in question.

Plaintiff Elizabeth Torres also received a letter with a reference # 1600871281 from the Independent Foreclosure Review circa 11/22/2013 in regards to deficient mortgage practice. The letter states that JP Morgan CHASE entered into agreement FEDERAL BANKING REGULATORS THE OCC and the Board of Governors of the Federal Reserve System. CHASE sent a Notice of transfer after they sent a settlement which shows the level of chicanery that is used to attempt to foreclose and force escheatment. The Paying Agent-Rust Consulting Inc paid $300 to Plaintiff Elizabeth Torres for deficient mortgage because Regulators determined your payment amount based on the stage of your foreclosure process and other considerations related to your foreclosure.

it is quite apparent that the defendant is operating a fraudulent practice because DEUTSCHE BANK alleges to be the trustee for Long Beach Mortgage Loan Trust 2006-4, Asset Backed Certificates , Series 2006-4 the alleged investor who owns the mortgage loan. Meanwhile simultaneously

**BACKGROUND**

Defendant DEUTSCHE BANK has transferred the account to a loan SERVICER during dispute. This proves my argument correct that fraud is being committed when I make my claim that Defendant DEUTSCHE BANK JANE DOE 1-20, JOHN DOE 1-20 is not the holder and due course, does not hold the original note and is a

successor to a predatory lending corporation.

I Elizabeth Torres reserves the rights to the Republic in the constitution state Connecticut; I do not waive any unalienable rights.

1. I have proof that the property is owned by Elizabeth Torres.
2. The amount in question exceeds $75,000 which is beyond the states jurisdictional amount in diversity of citizenship.
3. According to DEUTSCHE BANK a Loan servicer now holds my account and I Elizabeth Torres have 30 days to dispute the validity.
4. I respectfully request that DEUTSCHE BANK be restrained and injunctions, and or withdrawn for they do not hold any interest..
5. Furthermore I request Defendant DEUTSCHE BANK to respectfully produce the original contract, nature of intent, wet seal, allonge, negotiable instruments, of contracts between all parties pursuant RESPA, CUSPA, CUTPA, TILA, FOIA, PRIVACY ACT ETC.
6. Furthermore Plaintiff Elizabeth Torres has never contracted with Defendant DEUTSCHE BANK JANE DOE 1-20, JOHN DOE 1-20 and its successor LOAN SERVICING especially after discovery of fraud instruments.
7. All contracts with Defendant DEUTSCHE BANK JANE DOE 1-20, JOHN DOE 1-20 predecessors and successor, trustee, nominee, beneficiary, fiduciary, are knolled and voided ab initio.
8. Properly examined deposition of the accountant, account records and wire transfer statement will show beyond reasonable doubt as Evidence that the Defendant DEUTSCHE BANK et al is collecting a third party debt from a mortgage

company that is defunct and out business.

9. Properly examined deposition of the accountant, account records and wire transfer statement will show beyond reasonable doubt as Evidence that the Defendant DEUTSCHE BANK et al is illegally attempting to foreclose collecting a frivolous debt.

10. Properly examined deposition of the accountant, account records and wire transfer statement will show beyond reasonable doubt as Evidence that the Defendant DEUTSCHE BANK et al has never been the holder and due course and or the owner of a debt.

11. I Plaintiff Elizabeth Torres am currently disputing the validity of the debt.I have first knowledge that I acquired LAND AND PARCEL in Connecticut, East Hartford 60 Whiting Road 06118 the facts to support . . . the jurisdictional amount" ($75,000).  Gans v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).  The defendant et al didn't record proper assignment until after they were already seeking Strict fraudclosure, foreclosure when they entered a new recorded document on September 28, 2011, a whole year and 9 months  later then the original fraudulent attempt to foreclose which is dated July 28, 2009. *The Assignment purports to be from Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for US BANK NATIONAL ET AL FOR GMAC, (Assignor). It should be clear to the court after the recent cases of Verizzo v. Bank of New York, 28 So. 3d 976 (Fla. 2d DCA 2010), and BAC Funding Consortium v. Jean-Jacques, 28 So. 3d 936 (Fla. 2d DCA 2010), that trial courts are going to be scrutinizing more closely the chain of documents evidencing a plaintiff's right to foreclose.*

12. Citing: <u>Byrd v. MorEquity, Inc</u>  The court ruled that the foreclosing lender may have lacked standing to initiate the foreclosure process when it did which would have rendered the foreclosure deed void.

13. Also citing: <u>Sturdivant v. BAC</u>  A judgment entered in an action commenced by a party lacking standing is a nullity. Vance v. Cook, 989 So. 2d 556, 559 (Ala. Civ. App. 2008); see also Blevins v. Hillwood Office Ctr. Owners' Ass'n, 51 So. 3d 317, 321 (Ala. 2010) (same). Because BAC lacked standing to bring the ejectment action, the trial court never acquired subject-matter jurisdiction over this dispute. Accordingly, the summary judgment is void and is hereby vacated. Blevins, 51 So. 3d at 321; and Cadle Co., 950 So. 2d at 280. Additionally, because a void judgment will not support an appeal, Gallagher Bassett Servs., Inc. v. Phillips, 991 So. 2d 697, 701 (Ala. 2008), this appeal must be dismissed for lack of subject-matter jurisdiction. Blevins, 51 So. 3d at 323.

14. Also citing: Pennsylvania: Beneficial Mortgage v. Vukmam  Homeowner's Emergency Mortgage Act. "When a mortgagee provides to a mortgagor a deficient Act 91 notice and then files a mortgage foreclosure action, the court lacks subject matter jurisdiction to entertain the action.

15. Also citing ALABAMA: Patterson v. GMAC  GMAC Mortgage lacked authority to foreclose the mortgage when it initiated the foreclosure proceedings, and, therefore, the foreclosure and the foreclosure deed upon which GMAC based it ejectment claim are invalid. Moreover, under our holding in Sturdivant, because GMAC Mortgage did not own any interest in the house, it lacked standing to bring its ejectment action against the Pattersons. Because GMAC Mortgage lacked standing to bring the ejectment action, the trial court never acquired subject-matter jurisdiction over the ejectment action. Accordingly, the judgment of the trial court is void and is hereby vacated. Moreover, because a void judgment will not support an appeal, we dismiss this appeal.

16. Also citing: BAC/Countrywide v. Stentz - (6th Circuit, Pasco County, Florida) Motion to Dismiss Granted with a redo option. "A thief who steals a check payable to bearer becomes the holder of the check… but does not become the owner of it." - Judge Tepper

17. Also citing: Wells Fargo v McNee As the First Department held in Katz v. East-Ville Realty Co., (249 AD2d 243, 243), a "[p]laintiff's attempt to foreclose upon a mortgage in which he had no legal or equitable interest [is] without foundation in law

or fact" (see Kluge v. Fugazy, 145 AD2d 537). Hence, Wells Fargo's attempt to foreclose upon the subject mortgage must be denied, the complaint dismissed, and McNee's cross-motion(s) to dismiss for lack of standing pursuant to CPLR 3211(a)(3) granted

18. Also citing: Deutsche Bank v. Mitchell Summary judgment reversed sale vacated. The assignment was not perfected until after the filing of the complaint, and plaintiff presented no evidence of having possessed the underlying note prior to filing the complaint. This assignment was unlawfully procured and constitutes extrinsic fraud and collusion. This matter springs from an Assignment of Mortgage which claims that anassignment occurred whereby Mortgage Electronic Registration Systems (hereinafter,"MERS")In MERS v. Coakley, the Court ruled that postdates of this nature are ineffective [MERS v. Coakley, at 674; see also Kluge v. Fugazy, 145 AD2d 537 (2nd Dept. 1988)]. There being no evidence that the assignment was made prior to the commencement of the action, Plaintiff failed to establish that it was in possession of the mortgage at the time it commenced this action.

SUBJECT MATTER FOR REVIEW

1. The primary focus here is whether or not the assignment was fraudulently executed to mislead and burden the court to attempt to foreclose without standing.

2. The primary focus here is whether or not the mortgage is paid in full and or partially paid.

3. The primary focus here is whether or not the mortgage is voide because of material Alteration, fraudulent transfer and failure to perfect the title..

4. The primary focus here is whether or not the parties are of diverse citizenship and if the amount in question exceed state court jurisdiction.

5. The primary focus here is whether or not federal question exist. Plaintiff contends that if there is no federal question then it is impossible for a loan to be given in accordance to the National Bank Act 1863, federal reserve, federal courts, federal jurisdiction, federal law and federal court.

CAUSE OF ACTION

Claim

1. Plaintiff contends that the mortgage is paid in full and or partially paid.
2. Plaintiff contends that the mortgagee failed to release lien pursuant CGS 49-8.
3. Plaintiff contends that the mortgage and complaint are beyond the Statute of Limitation.
4. Plaintiff Elizabeth Torres contends that defendant did not have proper assignment from its predecessor and that 49-17 is unconstitutional and treasonous in accordance to Constitution Article III.  Therefore the defendant did not have the right to transfer or assign the mortgage as a third party that never held a real interest as holder in due course.
5. Plaintiff Elizabeth Torres contends that defendant has not proven that they are the owner of the debt at all time.
6. Plaintiff Elizabeth Torres contends Other courts have ruled that any document in connection to a fraud chain of assignment is voidable because it is not cognizable contract and conspiracy to commit insurance fraud.
7. Plaintiff Elizabeth Torres at all times meets the constitutional prerequisites of Constitution Article III locus standi.  Party is amongst the injured and has suffered palpable injury.  Plaintiff Elizabeth Torres is not a third party of interest.
8. Plaintiff Elizabeth Torres requests that the court order defendants et al to respond to plaintiff motion/request for discovery.
9. Plaintiff Elizabeth Torres contends that the defendant at all times is engaged in color of law violating National Bank Act 1863.

10. Plaintiff contends that the trial court erred by not conducting a show cause evidentiary hearing.

11. Plaintiff request that the court considering that all parties are of diverse citizenship. The bank can only be citizen of one state at a time. The appellate court has ruled that a National Bank does not have dual citizenship for the soul purpose to have jurisdiction in every location that which a business is located. Simply put a business is incorporate or unincorporated out of the place that which its principle business is located. See National Bank Act 1863 national banks are subject to federal courts because they are products of federal law.

12. Plaintiff request that the court consider the Constitutionality of the complaint.

## REQUEST FOR RELIEF

WHEREFORE, plaintiff Elizabeth Torres demands Remedy Redress, Relief and Tort,

1. Injunctions
2. restraining order,
3. punitive damages,
4. Equitable relief,
5. And any fees the court deems just
6. Equitable redemption of real property

BY *Elizabeth Torres*

East Hartford 60 Whiting Road 06118

CERTIFICATION OF SERVICE

I hereby certify that a copy has been sent to COUNSEL ATTY:

HALLORAN & SAGE LLP
JANE DOE/JON DOE 1-20
One Goodwin Square
225 Asylum Street
Hartford CT 06103.
JANE DOE/JON DOE 1-20

BENDETT & McHUGH
ATTORNEYS AT LAW
JANE DOE/JON DOE 1-20
160 FARMINGTON AVE
FARMINGTON, CT 06032

DEUTSCHE BANK
JANE DOE/JON DOE 1-20
60 Wall Street New York,
NY 10005 USA

:_____.

:_____.

:_____.

:_____.

BY
*Elizabeth Jones*
East - Hartford
60 Whiting Road
06118 Connecticut